NOT DESIGNATED FOR PUBLICATION

No. 123,922

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TRAVIS CORDERO ELSTON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; JEFFRY J. LARSON, judge. Opinion filed February 25, 2022.
Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and
(h).

Before GARDNER, P.J., HILL and ISHERWOOD, JJ.

PER CURIAM: Claiming abuse of judicial discretion, Travis Elston appeals the
district court's revocation of his probation and imposition of his prison sentence. We
granted Elston's motion for summary disposition instead of briefs under Supreme Court
Rule 7.041A (2021 Kan. S. Ct. R. at 48). We find no error by the district court and
affirm.

After the State agreed to dismiss another case against him and dismiss three more
charges in this prosecution, Elston made a no-contest plea to one count of criminal
possession of a weapon by a felon. The parties had a plan on how to dispose of this case.

1

They agreed to recommend a guideline sentence for Elston and have him obtain drug and alcohol treatment as a condition of the plea. The district court accepted the plea and sentenced Elston to a suspended 10-month prison term—a guideline sentence—with 18 months' probation and 12 months postrelease supervision.

Their plans did not work out. Elston failed at probation. Because of several violations of the terms of his probation, the court imposed a seven-day jail sanction on Elston for failing to participate in his drug treatment plan. Later, Elston again violated the terms of his probation by using methamphetamine and marijuana. This time, the district court ordered him to serve up to 60 days in the Lyon County Detention Facility and ordered him to attend inpatient treatment.

Treatment did not go well, either. Elston did not complete inpatient treatment, and, in March 2021, the treatment center discharged Elston for making terroristic threats. After this, the State moved to revoke Elson's probation based on his failure to submit to several drug tests, his submission of multiple positive drug tests, his failure to schedule drug and alcohol and mental health evaluations, and his discharge from drug treatment.

Elston stipulated to the allegations about his positive drug tests and inpatient treatment failure. In April 2021, the district court revoked Elston's probation and ordered him to serve his prison sentence.

Elston has timely appealed the revocation of his probation. In his motion for summary disposition, Elston argues that the district court abused its discretion by ordering him to serve his underlying prison sentence rather than reinstate his probation. Elston concedes that the district court had discretion to revoke his probation given his previous sanctions for violating the terms of his probation. See K.S.A. 2020 Supp. 22-3716(c)(1)(C).

A district court abuses its discretion when it bases its decision on a legal or factual error or when it enters an order with which no reasonable person could agree. See *State v. Jones*, 306 Kan. 948, 957, 398 P.3d 856 (2017). Elston does not argue that the district court made a legal or factual error. Thus, we will only set aside the district court's decision if no reasonable person could agree with it.

We find the court's ruling reasonable. The court's decision to revoke Elston's probation was not beyond the scope of reasonable action. The record shows that Elston repeatedly violated the terms of his probation and refused to comply with the district court's orders.

We affirm the district court's decision to revoke Elston's probation.

Affirmed.